UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MAURICE BOATMAN,

                    Petitioner,

          v.                                CAUSE NO.: 3:19-CV-517-RLM-MGG

WARDEN,

                    Respondent.

OPINION AND ORDER

Maurice Boatman, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary proceeding at Branchville Correctional Facility[1] (BCF 18-02-0349) in which he was found guilty of battery. He was sanctioned with a loss of 30 days earned-time credits and a demotion in credit-earning class.

The charge was initiated when Sergeant B. Stroud wrote a conduct report stating that the prison's surveillance video revealed a fight occurring on December 31, 2017. Sgt. Stroud described the incident as follows:

> At 11:13:40 am you will see a large group of white offenders head toward the west side bathroom, offender Boatman #158894 is at the head of the group. At 11:13:40a.m you will see a large group of white offenders head toward the west side bathroom, within that group [are] offenders Goodpaster #230031 and offender Vanarsdale #175959. After reaching the entry to the west side bathroom the group of white offenders began talking to black offenders in the hallway and inside the bathroom. At 11:14:30 the group of white offenders disband from the hall way and return to the bunk area, the black offenders never leave the bathroom area and more offenders enter the bathroom at this point. At 11:17:47 a large group

_____

[1] Mr. Boatman has since been transferred to Miami Correctional Facility.

of white offenders, including Goodpaster #230031 and Vanarsdale #175959 entered the west side bathroom. At that point several offenders gathered outside the bathroom, watching the bathroom area and watching the desk looking out for correctional staff. At 11:19:00 the groups in the hall way disband so not to draw attention to the bathroom area, and to create an opening for offenders to exit the area. At 11:19:20 am offender Boatman #158894 exits the bathroom area covered in what appears to be water and immediately begins removing his clothing heading to his bunk area At 11:23:20 offender Vanarsdale exits the bathroom area with so much damage to the face that it could be seen clearly on the video surveillance. At the same time offender Goodpaster #230031 exits the bathroom and has large red marks on his face as seen in the video surveillance, he is also not wearing a shirt. At this point the offenders all return to their bunk area and proceed as if nothing occurred.

(ECF 14-1). Sergeant Stroud also completed a report of investigation saying this:

On 1/02/2018 the office of [Investigations and Intelligence] received report of a fight that had occurred in D-Dorm on the morning of 12/31/2017, one offender was located in the infirmary and one was placed in RHU. In the initial report it was believed that these two offenders were involved in an altercation due to the a[m]ount of damage to the facial area, but after further review by custody staff it was believed that these two offenders were assaulted. After further evidence was obtained through Video footage there was a third offender added to the case for investigation. . . . On the day in question all three suspects [were] in that bathroom and did engage in an altercation which resulted in one offender being taken to the hospital.

(ECF 14-2.) A confidential investigation report was also prepared by the Indiana Department of Correction Office of Investigations and Intelligence.

Mr. Boatman was formally notified of the charge.[2] He pleaded not guilty and requested a lay advocate, and one was appointed for him. He requested witness statements from inmates Goodpaster and Vanarsdale to show that he

---

[2] The record reflects that there was a delay in charging Mr. Boatman because he was out of the facility for proceedings in another court case.

"had nothing to do with it." (ECF 14-3.) He also requested all "evidence turned in against him." (*Id.*) A statement was obtained from inmate Goodpaster, who stated, "There was NOT a fight." (ECF 14-6.) Inmate Vanarsdale likewise stated that he "didn't see any fight."[3] (ECF 14-7.)

The hearing officer held a hearing on the charge. Mr. Boatman said he "had nothing to with what the other offenders were doing[.]" (ECF 14-5.) The hearing officer considered this statement, staff reports, and the confidential investigation report, and found Mr. Boatman guilty. Mr. Boatman lost 30 days of earned-time credits, was placed temporary in restrictive housing, and demoted in credit-earning class. Inmates Goodpaster and Vanarsdale were also found guilty of battery as a result of this incident.

The Fourteenth Amendment Due Process Clause guarantees certain procedural protections when prisoners lose earned-time credits in a disciplinary proceeding: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

---

[3] This inmate told prison staff that he had slipped in the shower, but medical records contained in the confidential investigation report suggest that the injuries could not have been caused by a fall.

Mr. Boatman raises three claims in his petition: (1) he was denied evidence; (2) there was insufficient evidence to find him guilty; and (3) the prison was "racially profiling American Americans." (ECF 4 at 2-4.)

With respect to claims one and three, the respondent argues that they are procedurally defaulted because Mr. Boatman didn't raise these claims in his administrative appeals. A petitioner exhaust all available state administrative remedies before he can get federal habeas relief, and the failure to do so constitutes a procedural default precluding relief on the merits. 28 U.S.C. § 2254(b)(1)(A); Markham v. Clark, 978 F.2d 993, 995-996 (7th Cir. 1992). The court agrees that these two claims are procedurally defaulted because Mr. Boatman didn't include them in his administrative appeals. Instead, he focused on his claim regarding the sufficiency of the evidence. Mr. Boatman hasn't responded to the respondent's procedural default argument or tried to show cause to excuse his default. Therefore, these claims cannot be considered on the merits. Even if the claims were not defaulted, however, they wouldn't entitle Mr. Boatman to habeas relief for the reasons addressed below.

Mr. Boatman first claims that he was denied evidence. The full panoply of rights available at a criminal trial don't apply in the prison disciplinary context, and inmates have no general right to "confront and cross examine adverse witnesses." Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992). Nevertheless, an inmate has a right to request and present evidence when consistent with institutional safety and correctional goals. Wolff v. McDonnell, 418 U.S. at 564. At screening, Mr. Boatman requested witness statements from

the two other inmates involved in the altercation, and those statements were obtained. He now says he was denied access to the surveillance video, but there's no indication in the record that he specifically requested video evidence at screening. The prison can't be faulted for failing to disclose evidence that Mr. Boatman didn't properly request. Sweeney v. Parke, 113 F.3d 716, 720 n.5 (7th Cir. 1997); Miller v. Duckworth, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992).

Assuming his general request for "evidence turned in against him" can be read to encompass the video evidence, Mr. Boatman had a right to request evidence in his defense, but not necessarily to personally review the evidence. White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." Id. Disclosing video evidence to inmates entails security risks. Piggie v. Cotton, 344 F.3d 674, 679 (7th Cir. 2003). A prison has a "bona fide security justification for non-disclosure," because viewing the video "might allow the inmate to learn the location and capabilities of the prison surveillance system, thus allowing him to avoid detection in the future." Jones v. Cross, 637 F.3d 841, 848-49 (7th Cir. 2011) (citation and internal quotation marks omitted). The court has reviewed the camera evidence and concludes that disclosure to Mr. Boatman would pose the security risks outlined by the court of appeals. To the extent Mr. Boatman also claims that he was wrongfully denied access to the confidential investigation report, this, too. contains a variety of sensitive materials that, if viewed by Mr. Boatman, could jeopardize institutional safety, reveal investigative techniques,

and invade the privacy rights of other individuals involved in this incident. *See* Wolff v. McDonnell, 418 U.S. at 566; Jones v. Cross, 637 F.3d at 847. The court finds ample basis for keeping these materials confidential.

And Mr. Boatman would only have a right to this evidence if it is exculpatory. Rasheed-Bey v. Duckworth, 969 F.2d at 361. Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). Based on this court's review, the confidential investigation report and camera evidence are not exculpatory. To the extent Mr. Boatman is claiming that internal prison policies were violated in connection with this evidence, that wouldn't present a cognizable basis on which to grant him federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process"). Claim one doesn't entitle Mr. Boatman to federal habeas relief.

In his second claim, Mr. Boatman challenges the sufficiency of the evidence. There need only be "some evidence" to support the hearing officer's decision to satisfy due process. Supt. v. Hill, 472 U.S. at 455.

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). Prison disciplinary bodies are entitled to resolve conflicts in the stories presented to them, as long as "some

evidence" supports the decision. <u>Johnson v. Finnan</u>, 467 F.3d 693, 695 (7th Cir. 2006). A conduct report alone can be sufficient evidence to support a finding of guilt. <u>McPherson v. McBride</u>, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence alone can be sufficient to satisfy the "some evidence" test. *See* <u>Meeks v. McBride</u>, 81 F.3d at 721. The conduct report, report of investigation, and the confidential investigation report provide sufficient evidence of Mr. Boatman's guilt. Although he claims that he didn't batter anyone, the hearing officer considered his account that he was not involved, but chose to credit the evidence of his guilt. This court can't reweigh the evidence to make its own determination of guilt or innocence. <u>Webb v. Anderson</u>, 224 F.3d at 652. He isn't entitled to habeas relief on this ground.

Finally, Mr. Boatman claims that the prison engaged in "racial profiling" of African-American inmates. His argument appears to be that because there was no direct evidence of his guilt, the prison must have had impermissible motives for bringing the charge in the first place. As discussed above, however, there was constitutionally sufficient evidence to support the guilty finding. Nor does the record support his "racial profiling" argument. The two white inmates involved in this incident were also found guilty of battery. Based on the record, Mr. Boatman hasn't established a violation of his constitutional rights.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 4);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on August 28, 2020

s/ Robert L. Miller, Jr.

JUDGE
UNITED STATES DISTRICT COURT